DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the Wayne County Children Services Board, appeals an order of the Wayne County Juvenile Court that denied CSB's motion for an extension of protective supervision or change of disposition and dismissed this case for lack of jurisdiction. We reverse. *Page 2 
 {¶ 2} CM. and K.M. are the natural children of Amy D. and Robert M.[1] On February 11, 2005, the Wayne County Children Services Board ("CSB") filed a complaint alleging CM. and K.M. to be neglected or dependent children pursuant to R.C. 2151.03(A) and R.C 2151.04, respectively. The trial court adjudicated CM. and K.M. dependent children on April 27, 2005, and granted protective supervision to CSB on May 6, 2005. The case plan that the trial court adopted at disposition required Amy to attend parenting classes; enroll CM. and K.M. in protective day care; attend counseling for victims of domestic violence; "maintain independent, adequate and permanent housing"; obtain stable employment; meet the children's medical needs; and initiate or maintain services from appropriate public assistance agencies.
 {¶ 3} On February 13, 2006, the trial court extended protective supervision for six months on CSB's motion. At that time, the court adopted an amended case plan that required Amy to obtain a psychological evaluation. CSB requested a second extension of protective supervision on August 1, 2006, noting that Amy had made progress with respect to the case plan, but that its objectives had not been completed. The court granted the extension on September 15, 2006.
 {¶ 4} On December 4, 2006, CSB moved the trial court to require Amy to show cause why she should not be held in contempt for failure to complete the *Page 3 
objectives of the amended case plan. Specifically, CSB represented that Amy "ha[d] not attended counseling or parenting classes, kept medical appointments for her children, completed a psychological assessment, or followed through with the recommendations of her drug/alcohol assessment." The trial court set a hearing on the contempt motion for January 17, 2007, but continued the matter due to failure of service upon Amy. CSB then moved the trial court to modify disposition to temporary custody or, in the alternative, to grant an additional extension of protective supervision. The parties appeared in court on January 31, 2007, for a hearing on both outstanding motions. Amy requested counsel at that time, however, and the trial court continued the matter again.
 {¶ 5} On May 15, 2007, the trial court closed the case, concluding that "the Protective Supervision and Case Plan expired on February 11, 2007 and this Court no longer retains jurisdiction." CSB timely appealed, raising one assignment of error. The trial court granted a stay pending this appeal, and the children remain under protective supervision.
 ASSIGNMENT OF ERROR "The Juvenile Court erred in, sua sponte, finding that the order of protective supervision granted to the Wayne County Children Services Board expired on February 11, 2007 and that the Juvenile Court no longer had jurisdiction over K.M. and CM., when the Wayne County Children Services Board had a pending motion to modify disposition that was scheduled for hearing prior to the expiration date." *Page 4 
 {¶ 6} CSB maintains that the trial court erred by terminating this case for lack of jurisdiction. Because the timelines set forth in R.C.2151.353 are not jurisdictional, we agree.
 {¶ 7} Once a child has been adjudicated abused, neglected, or dependent and disposition is made, the juvenile court acquires continuing jurisdiction:
 "The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to section 2151.414 or 2151.415 of the Revised Code until the child attains the age of eighteen years if the child is not mentally retarded, developmentally disabled, or physically impaired, the child attains the age of twenty-one years if the child is mentally retarded, developmentally disabled, or physically impaired, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition under division (A) of this section or under section 2151.414 or 2151.415 of the Revised Code for a specified period of time to enable the child to graduate from high school or vocational school. The court shall make an entry continuing its jurisdiction under this division in the journal." R.C. 2151.353(E)(1).
In In re Young Children (1996), 76 Ohio St.3d 632, the Supreme Court of Ohio considered the relationship between the continuing jurisdiction of a juvenile court and the "sunset date" for temporary custody dispositions set forth in R.C. 2151.353(F), which provides: "Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section." *Page 5 
The Court held that the continuing jurisdiction granted by R.C.2151.353(E)(1) enables juvenile courts to enter dispositional orders after the sunset date to further the best interests of the child:
 "R.C. 2151.353(E)(1) provides in pertinent part that `[t]he court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section * * * until the child attains the age of eighteen * * * or the child is adopted.' It seems abundantly clear that this provision was intended to ensure that a child's welfare would always be subject to court review. That is, given that a child, by virtue of being before the court pursuant to R.C. Chapter 2151, was at risk of some harm, the General Assembly provided for the child's safety and welfare by ensuring that the juvenile court would retain jurisdiction over the child through the age of majority. R.C. Chapter 2151 places no limitation on this general jurisdiction.
 "At the risk of oversimplifying the issue before us, we believe that R.C. 2151.353 is dispositive. Accordingly, we hold that the passing of the sunset date pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders." In re Young Children at 637.
 {¶ 8} In these situations, juvenile courts must "assess each situation on its merits" to determine whether the circumstances that prompted the complaint "have been resolved or sufficiently mitigated." Id. at 638. See, also, R.C. 2151.415(B) (requiring the juvenile court to conduct a dispositional hearing on motions for change of disposition). If the juvenile court finds that those circumstances have been resolved, it may make no further dispositional orders. In re Young Children at 638. If, however, the juvenile court finds that sufficient resolution has not been accomplished, the court "[has] the discretion to make a dispositional order in the best interests of the child." Id. *Page 6 
 {¶ 9} R.C. 2151.353 imposes similar timelines with respect to protective supervision. The period of protective supervision is one year from the date on which the complaint in the case was filed or the date on which the child was taken in shelter care, whichever is earlier. R.C.2151.353(G)(1). Two six-month extensions may be granted, but protective supervision terminates at the end of the second extension. R.C.2151.353(G)(3). Pursuant to In re Young Children, however, these timelines do not divest juvenile courts of their continuing jurisdiction under R.C. 2151.353(E)(1).
 {¶ 10} Accordingly, once CM. and K.M. were adjudicated dependent and placed under protective supervision, the trial court acquired continuing jurisdiction until the children attain the age of eighteen years or the conditions described in R.C. 2151.353(E) are met. See R.C. 2151.353(E). Although CSB's second extension of protective supervision ended on February 11, 2007, neither R.C. 2151.353(G)(3) nor R.C. 2151.353(G)(1) deprived the trial court of jurisdiction to enter subsequent dispositional orders if the court determined that the conditions which prompted the original complaint had not been remedied. The trial court's decision to the contrary was in error, and CSB's assignment of error is sustained. *Page 7 
 {¶ 11} CSB's assignment of error is sustained. The judgment of the Wayne County Juvenile Court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellee. *Page 8 
CARR, J., DICKINSON, J., CONCUR.
[1] Robert M. did not appear in the proceedings below or participate in the case plan. *Page 1