OPINION
{¶ 1} This is an appeal by the Fayette County Department of Job and Family Services, Children Services ("Children Services") from a decision of the Fayette County Court *Page 2 
of Common Pleas, Juvenile Division, denying its motion to terminate protective supervision over three of appellee, Brenda G.'s, children.[1] For the reasons outlined below, we reverse and remand.
 {¶ 2} This case began on September 7, 2004 when Children Services filed complaints alleging that Brenda's minor daughters Mabel J., Brittany J., Heather M., and Ashley G. were abused, dependent, and/or neglected as defined in R.C. 2151.031(D), 2151.04(C), and 2151.03(A)(2), respectively.[2] The complaints were premised upon allegations that John G., biological father of Heather and Ashley, sexually abused his step-daughters, Mabel and Brittany. The complaints also alleged that Brenda was aware of the abuse and permitted John to have contact with Mabel and Brittany nonetheless. Children Services was awarded emergency temporary custody of the children at the time of the filing of the complaints.
 {¶ 3} Following a January 2005 hearing, Mabel and Brittany were adjudicated abused and neglected and Heather and Ashley were adjudicated neglected. Children Services retained temporary custody of the children until March 2006, when custody was returned to Brenda. Children Services was granted protective supervision over the children at this time. The trial court reviewed the case in September 2006, March 2007, and June 2007 and continued Children Services' protective supervision. In March 2007, Children Services moved to terminate protective supervision. The trial court granted the motion as to Brittany, who was no longer a minor, but denied the motion as to Mabel, Heather, and Ashley. Children Services timely appeals, raising one assignment of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED BY EXTENDING THE PROTECTIVE *Page 3 
SUPERVISION OF FAYETTE COUNTY CHILDREN SERVICES."
 {¶ 6} Children Services argues that the trial court erred in denying its motion to terminate protective supervision because, under R.C. 2151.353, protective supervision must terminate no later than two years from the earlier of the date the complaint was filed or the child was first placed into shelter care.
 {¶ 7} Although Mabel reached the age of 18 three days after the trial court's decision, the court made findings regarding ongoing concerns about her mental health and possible developmental delays. Both Ashley and Heather are minors. The court made findings regarding Ashley's failure to complete diversion obligations imposed after she was adjudicated delinquent for criminal mischief. No findings were made regarding Heather. In continuing protective supervision for all three girls, the trial court expressed its belief at the latest hearing that protective supervision was not subject to the same two-year limitation as that imposed upon temporary custody. See R.C. 2151.353(F),2151.415(D).
 {¶ 8} R.C. 2151.353(A)(1) authorizes a trial court to place a child who is adjudicated abused, neglected, or dependent in protective supervision. Regarding the extension or termination of protective supervision, the current version of R.C. 2151.353(G) provides:
 {¶ 9} "(1) No later than one year after the earlier of the date the complaint in the case was filed or the child was first placed in shelter care, a party may ask the court to extend an order for protective supervision for six months or to terminate the order. * * * If no party requests extension or termination of the order, the court shall notify the parties that the court will extend the order for six months or terminate it * * *[.]
 {¶ 10} "(2) If the court grants an extension of the order for protective supervision pursuant to division (G)(1) of this section, a party may, prior to termination of the extension, file with the court a request for an additional extension of six months or for termination of the order. The court and the parties shall comply with division (G)(1) of this section with respect *Page 4 
to extending or terminating the order.
 {¶ 11} "(3) If a court grants an extension pursuant to division (G)(2) of this section, the court shall terminate the order for protective supervision at the end of the extension."
 {¶ 12} A reviewing court's primary objective in statutory interpretation is to ascertain the intent of the legislature, which may be found in the words used in the statute. In re A.B.,110 Ohio St.3d 230, 2006-Ohio-4359, ¶ 31. If the words are unambiguous, no interpretation is required. Id. Instead, the court must afford meaning and effect to the plain language of the statute. Id. at ¶ 33, citing R.C. 1.42.
 {¶ 13} We find that the language of R.C. 2151.353(G) is not ambiguous. The plain language of the statute permits an initial one-year period on a protective supervision order (which commences upon the earlier of the date the complaint was filed or the date the child was first placed into shelter care) plus two additional six-month extensions, for a total of two years. Should a court grant both six-month extensions, the statute expressly indicates that the court must terminate the order for protective supervision at the end of the second six-month extension. See R.C. 2151.353(G)(3).
 {¶ 14} As previously stated, the complaints in this case were filed on September 7, 2004, and temporary custody of the children was awarded to Children Services that same day. Therefore, under R.C. 2151.353(G), the trial court was required to terminate the order for protective supervision as to all four children, at the very latest, at the conclusion of the second six-month extension, or September 7, 2006.
 {¶ 15} We note that although protective supervision based upon the original complaint is no longer an appropriate dispositional tool in this case, the trial court retains jurisdiction over Heather and Ashley as minor children and, possibly, over Mabel as well due to her *Page 5 
mental, developmental, and educational issues. See R.C. 2151.353(E)(1).[3] See, also, In re Young Children, 76 Ohio St.3d 632,637-38, 1996-Ohio-45; In re C.M. and K.M., Wayne App. Nos. 07CA0039, 07CA0040, 2007-Ohio-6005, ¶ 7-10. Nonetheless, this continuing jurisdiction does not suspend the time limitations imposed by R.C. 2151.353(G) upon the protective supervision order premised upon the original complaint. We therefore hold that the trial court abused its discretion in extending Children Services' protective supervision beyond the two-year period permitted under R.C. 2151.353(G).
 {¶ 16} Children Services' single assignment of error is sustained.
 {¶ 17} The judgment of the trial court is reversed and the cause is remanded for proceedings according to law and consistent with this opinion.
 {¶ 18} Reversed and remanded.
WALSH, P.J. and BRESSLER, J., concur.
[1] The trial court granted Children Services' motion as to a fourth child, Brittany J. Accordingly, Brittany will not be discussed at length this appeal.
[2] Counsel for appellee failed to timely file a brief in this matter. Therefore, pursuant to App. R. 18(C), we will accept appellant's statement of facts and issues as correct.
[3] R.C. 2151.353(E)(1) provides, in relevant part: "The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section * * * until the child attains the age of eighteen years if the child is not mentally retarded, developmentally disabled, or physically impaired, the child attains the age of twenty-one years if the child is mentally retarded, developmentally disabled, or physically impaired, * * * except that the court may retain jurisdiction over the child and continue any order of disposition under division (A) of this section * * * for a specified period of time to enable the child to graduate from high school or vocational school." *Page 1